**EAGLESON, Admr. v McKEE et**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3140. Decided Sept. 21, 1940.

Eagleson & Eagleson, Columbus for Administrator de bonis non with the will annexed, for plaintiff-appellee.

C. Eugene Smith, Columbus, for Wm. S. McKee, defendant-appellant.

Addison, Isaly & Addison, Columbus, for Marie Burkhart and Louise Gloeckener; for defendants-appellees.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of the Probate Court in which it was decreed that William S. McKee was not the surviving spouse of Marie McKee, deceased.

The proceeding was to determine heirship to Marie McKee, deceased, and defendant William S. McKee asserted that he was the surviving spouse of Marie McKee, deceased, by reason of a common law marriage entered into and consummated between the parties.

The trial court took testimony covering a period of several days and the matter was litigated at great length. The Court found that appellant had not sustained his obligation of proof and so held. Defendant then interposed a motion for new trial, each branch of which required consideration of the evidence taken in the trial of the case, and the application of the law thereto. The Court overruled the motion for new trial and entered judgment against the defendant. The errors assigned are those set forth in the motion for new trial, extended into further numbered headings. All require consideration of the evidence which is not before us, because the Bill of Exceptions is not properly presented on this appeal.

Every legal intendment must be accorded the regularity and the validity of the judgment, and there is nothing before us by which that presumption can be overcome.

We are directed to the opinion of the trial court, which we have carefully read. We could not resort to it for any factual matter which we would be required to consider in weighing the correctness of the judgment. However, we learn from the opinion that the trial judge found with the defendant upon the element of common law marriage requiring a holding out of the parties as husband and wife and that such proof was made by clear and convincing evidence. Upon the claim that there had been a contract in praesenti between the parties, the Court found against the defendant and said that his proof fell far short of the requisite degree. Upon this vital element of the case, the defendant himself was the principal witness. In fact, without accepting his testimony it is obvious that he must fail. The Court said that he reluctantly concluded that he could not give credibility to the statements of the defendant relating to the contract between the parties. This prerogative of testing the credibility of the witness was peculiarly for the trial judge, and unless and until by an examination of the testimony itself this Court would be required to hold that he abused his discretion we could not set our judgment against his. We do not have before us that testimony. There is no suggestion that the trial judge required the defendant to establish his case by any greater degree of proof than is commonly accepted by all of the Ohio cases on the subject.

The judgment will be affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.